CRÉDITO Y AHORRO PONCEÑO, PLAINTIFF AND APPELLANT, *v.* BEIRÓ ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Guayama in an Action of Debt.

No. 2957.—Decided February 19, 1924.

DEBT—CO-DEBTORS—SURETY.—A person who agrees to sign and does sign an obligation as co-debtor *in solidum* can not escape such liability by alleging and proving that it was another co-debtor who profited by the loan and that the creditor knew that his liability was not that of a co-debtor, but of a surety *in solidum*.

The facts are stated in the opinion.

*Mr. T. Bernardini* for the appellant.

*Mr. C. Domínguez Rubio* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is a personal action to recover on a promissory note reading as follows:

"For $1,500.00.—Due October 23, 1917.—We will pay jointly and severally to the order of the Crédito y Ahorro Ponceño at its Guayama office on October 23, 1917, the sum of $1,500, U. S. currency, for value received. We expressly submit to the courts of Guayama and bind ourselves to pay the costs and expenses incurred in the collection of this note, including the fees of the attorneys who may be employed by the holder, until the principal and interest at the rate of ten per cent annually have been paid.—Guayama, April 24, 1917.—(Signed)   Patria M. de Vivaldi.—Fernando Beiró.—S. Vivaldi Pacheco."

Defendant Fernando Beiró admitted the authenticity of the note, but his substantial defense is set up in the following paragraph of his answer:

"That notwithstanding the fact that the said plaintiff knew that the loan was for the use of Vivaldi, with Patria Vivaldi and defendant Beiró as sureties, the plaintiff required, as is its custom, that the said sureties and principal debtor Vivaldi should sign the document transcribed in the fifth count of the complaint, though with knowledge of the character of defendant Beiró as a surety, and that after the date on which the said promissory note was signed and delivered to the plaintiff the said plaintiff always acted as if the said obligation were, and it really was, the obligation of Santiago Vivaldi Pacheco endorsed by defendant Beiró."

Alleging that he was a surety, the defendant also maintains that the extensions of time granted to Vivaldi by the plaintiff without his consent extinguished his liability as such surety.

The trial court accepted the theory of the defendant and,

deducing from the oral evidence the capacity of surety of the defendant in his obligation with the creditor, set out the following conclusions in its opinion:

"1. That defendant Fernando Beiró, although he appears as principal co-debtor in the obligation, signed the said promissory note as surety and not as debtor and principal payer.

"2. That the lending bank knew that defendant Beiró had signed the said obligation only as surety *in solidum.*

"3. That notwithstanding the plaintiff bank's knowledge that defendant Beiró was but a mere surety, it granted extensions of time to principal debtor Vivaldi without the consent, knowledge or acquiescence of Beiró, the surety.

"4. That the granting of these extensions to Vivaldi, the principal debtor, had the effect of exempting Beiró from liability."

But for the extended arguments adduced by both parties in their respective briefs the matter would have had no great importance, for the questions involved are not complex and notwithstanding the numerous citations of authority and jurisprudence of other courts made by the parties, these questions seem to have been decided by principles already laid down by this Supreme Court.

The errors assigned are many, but the substance of them is that the trial judge weighed the evidence erroneously.

In order better to understand the point of view of the appellee in conformity with the action of the trial court we quote from his brief the most important paragraphs, as follows:

"In this obligation it is said that Vivaldi, Mrs. Martínez and Beiró will pay jointly and severally to the bank the sum of $1,500 within six months.

"The case of Hughart v. Estate of Hamill, 15 P. R. R. 289, is applicable to this first assignment.

"In that case Hamill, Hodges and Hughart signed jointly and severally a promissory note payable to the American Colonial Bank. Upon maturity Hughart paid it and brought action against the estate of Hamill to recover the amount, as he had become surety so

that Hamill could obtain the loan. The defense was that the obligation was joint and in any case the estate would have to pay only one-third.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"If the loan was asked for by Vivaldi; if he paid a part of it, and if at his request the extensions of time were granted, Beiró's contract was essentially that of a surety *in solidum*, regardless of the form in which it appears.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"The evidence explains and shows that although Beiró appears to have received a sum of money, the real consideration was the loan to Vivaldi. If he received no money he was not a debtor, but a surety, and his obligation was subsidiary."

At a glance it is seen that it is sought mistakenly to apply to the facts of this case the rule governing surety contracts, and it is a manifest error on the part of the trial judge to consider Fernando Beiró a joint surety in the obligation and not a co-debtor, as he really is. The case of *Cintrón & Aboy* v. *Solá*, 22 P. R. R. 245, is a practical application of the principles governing and establishing the obligations of a debtor *in solidum*, whether or not he profits by the loan or attemps to show that his liability is different from that appearing from the document. In this connection this Supreme Court expressed itself as follows:

"And it cannot be contended that the evidence introduced at the trial shows that the debt was contracted for the sole benefit of Solá & Son and that the defendant was only surety for the fulfilment of the obligation, for even if true, the fact would remain that Celestino Solá, without profiting by the money received on the note and without actually being a debtor, was willing to assume that character when he signed the note as solidary debtor in order that Solá & Son might secure the money from Sorba, who would not have lent it except under that condition. That Celestino Solá did not profit by the loan is immaterial; he agreed to be a solidary debtor in order to accomodate Solá & Son and that agreement was expressed in the promissory note when the defendant signed it as solidary debtor. The law of the contract was established in the note as the last ex-

pression of the intention of the parties and Celestino Solá must
submit to it.

"Under the theory which we have set forth the conclusion is
reached that defendant Celestino Solá is not the surety of Solá & Son,
but a solidary debtor of Antonio María Sorba jointly with Solá &
Son. This being the case, the first ground of the appeal, based on
section 1752 of the Civil Code which provides that the extension
granted to the debtor by the creditor without the consent of the
surety extinguishes the security, is without merit.   *   *   *"

The appellee, however, undertakes to discuss that case
and says that if more light had been thrown upon the facts
and the same defense had been made that is made in the
present case, perhaps the conclusion would have been dif-
ferent. However, there is nothing to correct on the strength
of the reasoning of the appellee. On the contrary, his
defense yields to the confusion established by him between
the relations of joint debtors and the creditor and those
existing among the co-debtors themselves. This erroneous
conception sprang from an attempted application by the
court and the appellee of the principles in force in Louisiana
by reason of the similarity existing between its Civil Code
and ours. In that State there is a statute governing the
relations between co-debtors in case the loan *in solidum* is
taken by only one of the joint debtors, the latter being liable
to the others for the whole of the debt and the others
being considered as sureties of the benefited debtor. Sec-
tion 2106 of the Louisiana Civil Code. But this in no way
affects the relation of the creditor to the said debtors *in
solidum,* and he can sue them or any of them for the whole
of the debt. The error is more striking when the appellee
cites as applicable the case of *Hughart* v. *Estate of Hamill,*
15 P. R. R. 289. In that case a surety paid the debt for
the principal debtor and then brought suit against him.
The Supreme Court defined the relations between those who
signed the obligation in favor of the creditor, applying

correctly the law relating to surety contracts as contained in sections 1739 and 1740 of the Civil Code; but nothing was determined in that case with regard to the liability of the debtors to the creditor, and no legal consequence can be deduced that may be applicable to the present case. Hence, it is not necessary to follow the appellee in his long brief, for all of his conclusions are based on the false premise that defendant Beiró was a surety *in solidum.*

Another aspect of the case discussed by the appellee, alleging that it was not raised or considered in the trial court (nor does it appear to be mentioned in his answer), is that when the first and second payments were made on the promissory note certain figures and dates were crossed out in the document, which means that the note was altered without the participation of the defendant, who received no notice of the extensions granted and did not consent to them. The very manner in which the appellee raises the question, which was not even touched upon by the appellant in his brief, renders it impossible of consideration for the first time in this appeal. But it is not going too far to say that under the current custom of commercial transactions payments made on promissory notes are at times endorsed on the document itself, as are also the extensions allowed, and the said facts have then the character of a mere memorandum and do not affect the validity of the obligation, unless made with the intention of altering the document and, therefore, with a fraudulent purpose, all of which should be pleaded, exhibiting the original document for greater clearness.

For the foregoing reasons the judgment of the court below must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.